J-A22008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| G.J.G, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.E.V. | |
| Appellee | No. 594 MDA 2016 |

Appeal from the Order Entered March 15, 2015
in the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2006 CV 2030 CU

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 21, 2016**

G.L.G., Jr. ("Father") appeals from the order entered March 15, 2015 in the Dauphin County Court of Common Pleas, which amended a previous custody order regarding Father and D.E.V.'s ("Mother") minor child, M.G. ("Child"), entered by the trial court on November 18, 2011, to require that (1) Mother's periods of physical custody of Child be supervised by maternal grandparents and (2) Mother was not to operate a motor vehicle with Child as a passenger.  For the reasons that follow, we remand this matter for further proceedings.

The pertinent facts and procedural posture of this matter are as follows.  Mother and Father met in March 2005 and resided together thereafter.  Child was born in January 2006.  Mother struggled with prescription pain medication addiction issues, and Mother and Father separated in May 2006.

Following the couple's separation, Father filed an initial custody action in May 2006.  As a result, on May 10, 2006, the parties entered an agreed order under which they shared legal custody and Mother had primary physical custody.  In July 2007, the order was modified by agreement as to the terms of Father's custodial periods.  In January 2009, the parties filed a stipulation entered as a court order under which they agreed to a schedule that split physical custody equally.

In the spring of 2009, with Mother's previous drug addiction issues apparently under control, Mother and Father reconciled, and Mother moved back in with Father.  Over the summer of 2009, however, Mother's substance abuse issues resurfaced, and in August 2009, Mother admitted herself into a treatment facility.  Thus began the couple's second, continuing separation.

In September 2009, Father filed a motion to modify custody and a petition for emergency relief.  The trial court entered a temporary order on September 10, 2009 granting Father primary physical custody and Mother supervised visitation.  The trial court further granted Father the right to demand that Mother undergo drug testing.  On October 9, 2009, following a conciliation, the parties entered an agreed order amending the prior orders to add a provision requiring Mother to continue her counseling program, including random drug testing.

On January 27, 2010, Mother filed a petition for special relief seeking the appointment of a parenting coordinator and an updated custody

evaluation. Following a telephone conference with the parties, on February 8, 2010, the trial court issued an interim custody order granting the parties shared legal custody and granting physical custody as agreed by the parties.[1] The trial court also issued orders directing the appointment of a parenting coordinator and the completion of an updated custody evaluation.

Following the completion of the custody evaluation,[2] the parties entered a stipulated custody agreement, which the trial court memorialized in a custody order on November 18, 2011.[3] As part of the agreement, the parties also stipulated to the following:

> In the event Mother does not maintain her sobriety as determined after a drug test and should she not follow through

---

[1] Under the parties' agreement, Father would have Child four days a week and Mother would have Child for three days a week.

[2] Prior to the occurrence of the custody evaluation, in May 2010, Mother filed a petition alleging Father was in contempt of the trial court's order for failing to participate as directed in the custody evaluation. Mother also sought a status conference to determine the scope of the parenting coordinator's authority. The trial court scheduled separate hearings for the contempt and parent coordination/custody issues. However, prior to the hearings, the parties agreed to an interim custody stipulation that mirrored the existing terms of physical custody and Father agreed to cooperate in the custody evaluation.

[3] Under the terms of the agreement, Mother and Father shared legal custody of Child, and physical custody was divided whereby, during the schoolyear, one parent would have Child for 4 days one week and 3 days the next, and during the summer, the parties would have physical custody on alternating weeks. In addition, Mother agreed to continue outpatient therapy for her longstanding Post Traumatic Stress Disorder issues and sobriety struggles, and to treat with a neurologist with a background in addiction-related medical needs.

with her full treatment regime as set forth herein, or opts not to follow the recommended treatment regime as set forth herein, temporary primary physical custody will shift to Father immediately pending further agreement or Order of Court. . . .

Custody Order, November 18, 2011, ¶ 6.

On February 12, 2014, Father filed a petition for emergency relief and a petition to modify custody based on his concerns that Mother was not maintaining her sobriety and was driving Child in a motor vehicle in a state of intoxication, and that Child had excessive absences from school when in Mother's care. Claiming a violation of Paragraph 6 of the November 18, 2011 custody order, Father sought primary physical custody of Child. Following a telephone conference, the trial court ordered Mother to undergo a drug test. The parties then agreed to an order dated May 21, 2014 that maintained the terms and requirements of the November 18, 2011 order, but added a condition that Father could request additional drug testing to be performed within 24 hours, if he suspected Mother of further use of illegal substances.

On March 10, 2016, Father filed the Petition for Contempt and Special Relief that forms the basis of the instant appeal. The petition alleged that Father had recently discovered that Mother had been charged with two counts of driving under the influence within the past year, and that Child had observed Mother acting strangely on a number of occasions since Thanksgiving 2015. Father's petition also claimed that in early March 2016 he observed Mother acting bizarrely, behavior the petition alleges Mother blamed on anxiety medicine. Father's petition further alleged that on March

3, 2016 he requested Mother submit to a drug test, but that she failed to take one. Finally, the petition claimed Mother violated Paragraph 6 of the November 18, 2011 custody order. Accordingly, Father's petition sought first, that Father be awarded primary physical custody of Child, and second, that Mother be held in contempt for failing to take the requested drug test.

In response to Father's petition, the trial court conducted a telephone conference with counsel for both parties on March 15, 2016. Later that day, the trial court issued an order and memorandum opinion indicating that the parties had agreed during the telephone conference to resolve the issues raised by Father's petition under the terms of the trial court's prior orders.[4] Accordingly, the trial court concluded there was no need to conduct further hearings or reach a determination of whether Mother was in violation of Paragraph 6 of the November 18, 2011 order.

On April 8, 2016, Father's counsel, Jerry Phipott, withdrew his appearance and attorney Steven Howell entered his appearance as Father's new counsel. That same day, through his new attorney, Father filed a motion for reconsideration of the March 15, 2016 order, a petition to modify custody, and a motion for discovery. On April 13, 2016, while these filings

---

[4] The order also imposed the additional requirements that (1) Mother's visits with Child be supervised by maternal grandparents, and (2) Mother not drive an automobile with Child as a passenger. ***See*** Trial Court Order, March 15, 2016.

were pending, Father filed a notice of appeal of the trial court's March 15, 2016 order.[5]

Father now raises the following issues for our review:

1. Did the trial court abuse its discretion in denying Father a fact finding hearing on his petition for special relief and contempt when he alleged that Mother refused to take a drug test and had been charged for driving under the influence of drugs on January 11, 2016 by the Lebanon City Police Department and on March 31, 2015 by the Derry Township Police Department and the parties' November 18, 2011 Order at Page 9 stated that ***"in the event Mother does not maintain her sobriety as determined by a drug test . . . temporary primary physical custody will shift to Father immediately pending further agreement or Order of Court?"***

2. Did the trial court abuse its discretion in denying Father relief granted to him under a prior final order of court dated November 18, 2011 at Page 9 which stated that ***"[i]n the event Mother does not maintain her sobriety as determined by a drug test . . . temporary primary physical custody will shift to Father immediately pending further agreement or Order of Court?"***

Appellant's Brief, p. 4 (emphasis in original).

As noted above, the trial court did not conduct a hearing on Father's Petition for Contempt and Special Relief. Instead, the trial court disposed of Father's petition following an unrecorded telephone conference based on an

---

[5] Also on April 13, 2016, Father filed an additional motion seeking a transcript of the March 15, 2016 telephone conference. On April 14, 2016, the trial court issued orders denying Father's motion for reconsideration, referring his petition for custody modification to custody conciliation per the trial court's local rules, issuing a rule upon Mother to respond to the motion for discovery, and denying Father's motion for transcript because the March 15, 2016 telephone conference had not been recorded and thus could not be transcribed.

alleged agreement that Father's former counsel now denies existed. **See** Father's Motion to Correct or Modify Record Pursuant to Pa.R.A.P. 1926, Exhibit A. Therefore, we have no record upon which to review Father's timely claims. As a result, we remand the matter for the trial court to develop a record on Father's Petition for Contempt and Special Relief, by hearing or otherwise, as soon as practicable.[6]

Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016

---

[6] To the extent a record exists, we have only the trial court's assertion that it based its March 15, 2016 order on the agreement of the parties, and Father's refutation of that agreement supported by a sworn affidavit from then-counsel indicating he did not so agree. **See** Father's Motion to Correct or Modify Record Pursuant to Pa.R.A.P. 1926, Exhibit A; Trial Court's July 14, 2016 memorandum and order denying Father's Motion to Correct or Modify Record Pursuant to Pa.R.A.P. 1926. Because a fundamental difference of such a material fact between not simply the parties, but instead between the court itself and one of the parties, forms the basis of the record discrepancy in this matter, in this specific case we find Rules of Appellate Procedure 1923 and 1926 inadequate to resolve the matter.